UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD VALASQUEZ GARCIA,

Petitioner,

v.

ROBERT BURTON,

Respondent.

No. 2:19-cv-0296 WBS KJN P

FINDINGS AND RECOMMENDATIONS

I. Introduction

Petitioner is a state prisoner, proceeding in forma pauperis and without counsel. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising two claims for relief. First, petitioner claims that the trial court abused its discretion in refusing to strike his prior conviction under People v. Romero, 13 Cal.4th 497 (1996) ("Romero"). Second, petitioner alleges that the trial court's restitution order was not supported by sufficient evidence. Respondent moves to dismiss the petition on the grounds that petitioner did not exhaust his state court remedies as to claim one, but also fails to state a valid claim for federal habeas relief as to both claims one and two. Petitioner filed an opposition and moves to stay this action to return to state court to exhaust claim one. Respondent filed a reply, and opposes the stay.

As set forth below, the undersigned recommends that the motion to dismiss be granted, the motion for stay be denied, and the petition be dismissed.

II. Procedural Background

On October 15, 2015, in the Placer County Superior Court, a jury convicted petitioner of two counts of assault with a deadly weapon in violation of California Penal Code Section 245(a)(1), and a number of sentencing enhancement allegations were found true. (ECF No. 10-1 at 1.) Petitioner was sentenced to a determinate state prison term of fifteen years on April 20, 2016. (Id.)

Petitioner filed a timely appeal, and the California Court of Appeal affirmed the judgment on September 25, 2017. (ECF No. 10-2.) Petitioner filed a petition for review in the California Supreme Court, which was denied on November 29, 2017, without comment. (ECF Nos. 10-3, 10-4.)[1]

Petitioner filed the instant petition on February 15, 2019. (ECF No. 1.)

III. Facts

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> During a street brawl, [petitioner] stabbed two victims a total of nine times. Much of the incident was captured on video.
>
> **The Stabbings**
>
> In early 2013, [petitioner] and three friends went to a bar in Roseville. There, defendant drank a rum and Coke -- his only drink that night; he was not drunk.
>
> In the bar, some of [petitioner's] friends got in a scuffle with a group of African-Americans. A few punches were exchanged. Bar security told the group of African-Americans to leave.
>
> Sometime later, [petitioner's] group decided to leave the bar. Outside, they came across the group they had quarreled with, along with others. One of [petitioner's] friends was punched by a man in a blue shirt.

---

[1] Petitioner filed no post-conviction collateral challenges to the pertinent 2016 judgment in the California Supreme Court. Respondent did not lodge copies of two petitions for writ of habeas corpus filed in the Placer County Superior Court because they were not required to address the motion to dismiss. (ECF No. 8 at 2 n.1.)

2

Another of [petitioner's] friends started fighting the man in the blue shirt. [Petitioner's] friend had managed to get the better of the man (he was pummeling him from atop), when the two victims came out of the bar.

The two victims had each consumed about six beers. One of the victims was quite tall. The shorter of the two victims heard the man in the blue shirt call for help. The victim pushed (or "pried") [petitioner's] friend off the man. After he did, one of [petitioner's] friends punched the shorter victim in the face. The shorter victim and that friend began fighting.

[Petitioner] involved himself in the fight. At one point, the taller victim grabbed [petitioner] by the jacket and flung him away from the shorter victim who was still fighting [petitioner's] friend.

The fight between the shorter victim and [petitioner's] friend moved to the opposite sidewalk. The victim punched [petitioner's] friend, while the taller victim stood behind him.

[Petitioner] ran up and, using a small box cutter knife, stabbed both victims from behind, in rapid succession. He stabbed the taller victim once in the lower back and the shorter victim three times in the side. Then he grabbed his friend and left.

[Petitioner] apparently had also stabbed both victims at an earlier point in the brawl. The shorter victim was stabbed a total of seven times, and the taller victim was stabbed twice. Both victims suffered a collapsed lung. And neither victim ever struck [petitioner] during the brawl.

[Petitioner] and his friends were apprehended, in a car, about a mile and a half from the bar. At trial, [petitioner] did not recall what happened to the knife. He testified he had the knife when he got into the car, after leaving the brawl, but did not have the knife after his arrest when he was taken to jail.

**Verdict, Sentencing, and the Romero Motion**

A jury convicted [petitioner] of two counts of assault with a deadly weapon and as to each found he had inflicted great bodily injury. [Petitioner] admitted to a 1995 strike conviction for discharging a firearm. (Pen. Code, § 246.3.)[FN2]

Prior to sentencing, [petitioner] moved to strike his prior strike. The trial court denied the motion. It noted the strike occurred when [petitioner] was 18; while angry and intoxicated, [petitioner] shot a gun into the air.

The court further noted, in 1998, [petitioner] was arrested for driving under the influence (DUI) and placed on probation. The next year, he was arrested for a second DUI and sentenced to 10 days in jail and placed on probation. While on probation, he committed another felony, possessing methamphetamine for sale. He was denied probation and sentenced to prison for 32 months. [Petitioner],

3

> however, had a nine-year period of being a good father (as reflected in the numerous letters in support) and a productive member of society (raising three children, coaching soccer, & giving to charity).
>
> As to the current offense, the court noted the nature of the offense, the multiple stabbing, the disposal of the weapon, and [petitioner's] leaving the scene while those left behind were seriously injured. It concluded, given his history and age, [petitioner] fell within the spirit of the three strikes law. The court imposed a 15-year aggregate term.
>
> At sentencing the prosecutor informed the court the state had paid $19,510.69 for the victims' medical expenses. It added: "There's been no stipulation. I'm asking, if there's no stipulation, [can we] reserve and set a hearing for that."
>
> The court clarified, "are you requesting the Court to order a certain amount of restitution or order it reserved?" The prosecutor responded: "I'm requesting the Court order $19,510.69 payable to the Victim's Compensation and Government Claims Board to reimburse the amount they've paid out." He added: "I sent some information to the defense by way of e-mail."
>
> Defense counsel responded: ". . . I acknowledge the fact that [petitioner's] going to be obligated to pay back the victims [compensation board] . . . . I would have question as to the legitimacy of the lost wages, and I would suggest that that be set for a hearing . . . ."
>
> The trial court ordered defendant to pay $19,510.69 to the California Victim Compensation and Government Claims Board (the board). And it ordered restitution to the victims in an amount to be determined in a future restitution hearing.
>
> FN2: Undesignated statutory references are to the Penal Code.

(People v. Garcia, C082134 (3rd Dist. Cal.) (Sept. 25, 2017) (ECF No. 10-2 at 2-4.)

IV. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

////

A. First Claim

In his first claim, petitioner alleges that the trial court abused its discretion in refusing to strike his prior conviction under People v. Romero, 13 Cal.4th 497 (1996) ("Romero").

1. Is the Claim Exhausted?

Respondent argues that such claim was not presented to the California Supreme Court and therefore is not exhausted. As noted above, petitioner seeks to stay this action and return to state court to exhaust this claim, thus conceding that this claim is not exhausted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

As noted by the parties, petitioner's first claim was not presented to the California Supreme Court, and there is no allegation that state court remedies are no longer available to petitioner. Thus, petitioner's first claim is not exhausted. Nevertheless, a petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2. Is the Claim Cognizable?

In addition to claiming that the trial court abused its discretion in refusing to strike petitioner's prior conviction, petitioner alleges the decision violated his due process rights. (ECF No. 1 at 5.) Petitioner appended the opening statement filed by appellate counsel on direct appeal, in which appellate counsel relied solely on California state law. (ECF No. 1 at 27-33.) In his opposition, petitioner also claims that the denial of his Romero motion violated the Fourth, Sixth and Eighth Amendments, but without any explanation or legal authority. (ECF No. 14 at 2-3.) Respondent argues that petitioner's first claim fails to raise a federal question, and should be dismissed.

a. State Court's Last Reasoned Decision

The state court of appeal denied petitioner's Romero claim on direct appeal:

**The Trial Court Properly Denied the Romero Motion**

> On appeal, [petitioner] contends the trial court abused its discretion in denying his Romero motion. He argues his prior strike is "ancient," occurring in 1994, when he was 18, drunk, angry, and suicidal. To his current offense, he avers it was unplanned, it occurred in a chaotic situation, and he mistakenly believed force was

5

necessary to prevent serious injury to his friends.

He adds, he came from a troubled childhood: his stepfather regularly beat him. His past offenses were mostly sustained as a juvenile. He has only one parole violation. He was married and has three children. He has a good work history, and he received 41 letters in support from family and friends. He concludes this places him outside the three strikes law. We disagree.

The three strikes sentencing scheme applies where the defendant has at least one qualifying strike, unless the trial court concludes an exception should be made. (People v. Carmony (2004) 33 Cal.4th 367, 377 (Carmony).) A trial court properly exercises its discretion in striking a strike only if it finds "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects," the defendant falls outside three strikes's spirit and should be treated as though he had not committed the prior strike. (People v. Williams (1998) 17 Cal.4th 148, 161.)

When a trial court declines to strike a strike, we review that decision for abuse of discretion. (Carmony, supra, 33 Cal.4th at pp. 374-375.) We will not reverse "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (Id. at p. 377.) Where the court, aware of its discretion, "'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently . . . .'" (Id. at p. 378.)

Here, the trial court properly exercised its discretion in denying the Romero motion. The court considered the nature of [petitioner's] present felony, his prior convictions, and his background and prospects. While [petitioner] had nine years of being a good father and productive member of society, the violent nature of his current offense along with his other offenses support the trial court's exercise of discretion.[FN3]

FN3: [Petitioner], nevertheless, maintains remand is required because the trial court "never stated that one of its considerations was that the prior 'strike' weighed little due to its remoteness." Not so. The court acknowledged the prior strike occurred "back in 1995." Moreover, the court need not articulate every factor. (See In re Coley (2012) 55 Cal.4th 524, 560 ["although a trial court is required to state on the record its reasons for striking a prior conviction . . ., there is no similar statutory requirement of an on-the-record statement of reasons when a court declines to strike a prior"].)

People v. Garcia, ECF No. 10-2 at 4-6.

### b. Governing Standards

Federal habeas corpus relief may be granted "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

6

§ 2254(a). Mere errors in the application of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts"); Hendricks v. Vasquez, 974 F.2d 1099, 1105 (9th Cir. 1992) ("Federal habeas will not lie for errors of state law"). Petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.), cert. denied, 522 U.S. 881 (1997).

c. Discussion

Petitioner's federal habeas challenge to the trial court's denial of his motion under Romero essentially involves an interpretation of state sentencing law. "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." Wilson, 562 U.S. at 5 (quoting Estelle, 502 U.S. at 67). More specifically, a trial court's refusal to strike a prior conviction under Romero does not give rise to any cognizable claim for federal habeas relief. Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), vacated on other grounds, 538 U.S. 901 (2003). "The district court correctly concluded that this state law claim is not cognizable on federal habeas review." Brown, 283 F.3d at 1040; see also Rascon v. Valenzuela, 2017 WL 5484066, at *4 (E.D. Cal. Nov. 15, 2017) ("Whether or not the trial court correctly used its discretion in denying petitioner's Romero motion is a matter of state, not federal, law") (citation omitted); Clements v. Rackley, 2017 WL 1129948, at *11 (C.D. Cal. Feb. 13, 2017), adopted, 2017 WL 1115149 (C.D. Cal. Mar. 24, 2017) ("A California state trial court's refusal to grant a Romero motion, or to strike a defendant's prior conviction that will be used to enhance a defendant's sentence under California's Three Strikes Law, does not present constitutional violations that warrant federal habeas relief.") (citations omitted).

Petitioner did not include an Eighth Amendment challenge in his petition, but argues that the denial of the Romero motion also violated his Eighth Amendment rights. (ECF No. 14 at 3.) To the extent petitioner argues that his sentence violates the Eighth Amendment because of the application of the Three Strikes Law, such argument fails. The Supreme Court has held that state recidivist statutes, including California's Three Strikes Law, are constitutional, and do not violate

the Eighth Amendment's prohibition on cruel and unusual punishment.  Ewing v. California, 538 U.S. 11, 29-30 (California's Three Strikes Law constitutional; upholding sentence of 25 years-to-life for recidivist convicted of grand theft); see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (affirmed Three Strikes sentences of two consecutive 25 years-to-life imprisonment terms for two convictions for petty theft of less than $200.00 worth of videotapes each, with prior conviction); Rummel v. Estelle, 445 U.S. 263, 284-85 (1980) (upholding life sentence with possibility of parole under Texas recidivist statute for recidivist convicted of fraudulent use of credit card for $80.00, passing forged check for $28.36, and obtaining $120.75 under false pretenses).

In his opposition, petitioner also makes vague and unsupported references to violations of the Fourth and Sixth Amendments, but fails to explain how he believes the trial court's denial of the Romero motion violated such constitutional rights or to provide any legal authority in support of such theory.  (ECF No. 14 at 2.)  Such vague and conclusory references do not warrant relief, particularly in light of the authorities discussed above.  See, e.g., Langford, 110 F.3d at 1389.

Accordingly, respondent's motion to dismiss petitioner's first claim should be granted.

B.  Second Claim

In his second claim, petitioner alleges that the order requiring payment of restitution to the victim was not supported by sufficient evidence because the victim did not submit medical bills. Respondent contends that petitioner's claim is not cognizable on federal habeas and should be dismissed.  (ECF No. 8 at 5.)

The state Court of Appeals denied petitioner's challenge to the restitution order, noting that the record reflected that "the parties stipulated to the $19,510.69 amount."  People v. Garcia, ECF No. 10-2 at 6.  Moreover, even if the parties had not stipulated, the state Court of Appeals found that petitioner's challenge was "forfeited by defense counsel's failure to challenge the restitution order at sentencing."  Id., ECF No. 10-2 at 7.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed.  28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional.  Id.  The Ninth Circuit has explicitly held that "an attack on a restitution order is not an attack on the execution of a custodial sentence . . .  [Thus,] § 2254(a)

does not confer jurisdiction over a challenge to a restitution order." Bailey v. Hill, 599 F.3d 976, 983 (9th Cir. 2010) (citing United States v. Kramer, 195 F.3d 1129 (9th Cir. 1999)). "[T]he remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact -- and is not directed at the source of the restraint on -- his liberty." Bailey, 599 F.3d at 981. A federal court, then, lacks jurisdiction to hear claims that challenge the money portion of a state judgment, such as a restitution order, which does not affect the duration of custody. Id.; see also Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (stating that imposition of fine is "merely a collateral consequence of conviction" and, as such, is not sufficient to establish federal habeas jurisdiction).

Because the petitioner's second claim challenges only the restitution portion of petitioner's sentence, the "custody" requirement of Section 2254(a) is not satisfied and the court does not have jurisdiction to entertain such claim.

C. Motion for Stay

Petitioner also filed a motion for stay under Rhines v. Weber, 544 U.S. 269 (2005). Petitioner contends that his appointed appellate counsel failed to include petitioner's Romero claim in the petition for review and did not inform petitioner. (ECF No. 15 at 2.) Petitioner states he was not aware of such omission until the respondent filed the instant motion to dismiss, and therefore petitioner should be granted a stay so that he may return to state court and exhaust his first claim for relief.

Respondent counters that petitioner fails to demonstrate that (1) he has good cause for the stay under Rhines, (2) the unexhausted claim is potentially meritorious, or (3) petitioner has not intentionally engaged in dilatory tactics. (ECF No. 16.) Moreover, despite discovering that such claim was not included in the petition for review in respondent's June 14, 2019 motion to dismiss, respondent argues that petitioner still has not filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 16 at 4.)

Under Rhines, a district court may, in limited circumstances, stay a mixed petition pending exhaustion of unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication

that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. In order to be granted a stay under Rhines, petitioner must meet all three Rhines prongs set forth above. Id. at 278.

### 1. No Good Cause

Plaintiff's claim that he did not know appellate counsel failed to raise the Romero claim in the petition for review does not demonstrate good cause under Rhines. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. Therefore, petitioner fails to demonstrate good cause for a stay under Rhines.

### 2. Claim Lacks Merit

As discussed above, petitioner cannot demonstrate that his Romero claim has merit on federal habeas review. A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017), quoting Rhines, 544 U.S. at 277. A claim is "plainly meritless" only if "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Because petitioner's claim that the trial court abused its discretion in denying the Romero motion is not cognizable on federal habeas review, petitioner cannot demonstrate that such claim is potentially meritorious.

### 3. Delay

Because petitioner fails to demonstrate the first two prongs of Rhines, the undersigned need not address the third prong of Rhines, and finds that petitioner's motion for stay should be denied.

////

V. <u>Recommendations</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted,

2. Petitioner's motion for stay (ECF No. 15) be denied; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2019

*[signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/garc0296.mtd.hc